BARNEY BOTWIN *vs.* MANUEL ROSE.

JANUARY 28, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Amendments.*

The court may properly permit an attorney, during the progress of a trial, to sign and endorse the declaration filed by him, since such act amounts to no more than the curing of a mere clerical omission, and such amendment is not prohibited by Rule 2 of the Superior Court.

TRESPASS. Heard on exception of defendant and overruled.

PER CURIAM. On defendant's bill of exceptions.

The only exception argued before this court is to a ruling of the trial judge granting the motion of the plain-

tiff's attorney to be allowed to sign and endorse his name upon the declaration, while the trial of the case was in progress and after all the testimony for the plaintiff had been introduced and the defendant had taken the stand as a witness in his own behalf and had begun to give his testimony. At this point in the trial the judge discovered that the declaration on file was not signed or endorsed by the plaintiff's attorney and upon his motion he was allowed to sign and endorse it, over defendant's objection and exception.

Defendant calls attention to Rule 2 of the Superior Court which is as follows: "Every declaration, appeal, petition, complaint, motion, or other application in writing to the court shall have the name of the attorney presenting the same endorsed thereon; and every paper filed in any case, excepting notes, deeds, or other documentary evidence, shall also have endorsed thereon the name and number of the case and a brief designation of the character of the paper. The only proof of the time of filing any paper shall be the file-mark of the clerk. No paper shall be treated as filed unless said paper is received in the clerk's office before the end of the day upon which said paper is required to be filed." And thereupon defendant argues that, because the declaration when filed was not endorsed by the plaintiff's attorney, in legal effect no declaration was filed and the Superior Court had no jurisdiction to try the case, or to allow the plaintiff's attorney to endorse it.

This court cannot agree with such contention. There was no doubt that the declaration was filed in good faith at the proper time on behalf of the plaintiff and against the defendant named in the writ, by the attorney who sued out the writ and endorsed it and procured the due service thereof. The defendant appeared and pleaded the general issue and went to trial. There is no penalty under the rule consequent upon failure to observe its provisions; and we know of no statutory provision embodying the provisions of this rule, or any of them, and imposing any penalty for the violation

of any of them in any particular. The provision for endorsing upon the declaration the name of the attorney presenting the same, is, like the other provisions of the rule, for the sake of convenience in examining the papers on file in a case, and so that one looking through the file may easily ascertain the names of the attorneys, the character of the papers on file, etc., without unfolding the same. It is for the convenience of the clerks, the courts and the parties and others having occasion to look for papers in the case; and no part of the rule appears to be of any greater importance or significance than any other. The endorsement of the declaration by the attorney under the circumstances was properly treated by the trial judge as the curing of a mere clerical omission, and the exception is overruled.

The case is remitted to the Superior Court with direction to enter judgment upon the verdict for the plaintiff.

*Adolph Gorman,* for plaintiff.

*Thomas F. Farrell,* for defendant.